**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES JOINT BOARD HEALTH & WELFARE FUND; and CHEMICAL & PRODUCTION WORKERS UNION, LOCAL 30, AFL-CIO )))))) | CASE NO.: 20-cv-521 |
| Plaintiffs, ) | JUDGE: |
| vs. ) | MAGISTRATE JUDGE: |
| TRIMARK MARLINN, LLC, an Illinois Limited Liability Company, )))) | |
| Defendant. ) | |

## COMPLAINT

NOW COME the Plaintiffs, the CENTRAL STATES JOINT BOARD HEALTH & WELFARE FUND ("WELFARE FUND") and the CHEMICAL & PRODUCTION WORKERS UNION, LOCAL 30, AFL-CIO ("LOCAL 30"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant TRIMARK MARLINN, LLC ("TRIMARK") and allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185, 1132(e)(1) and 1145, and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the WELFARE FUND is administered at 245 Fencl Lane, Hillside, Illinois, 60162, and pursuant to 28

1

U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The WELFARE FUND receives contributions from numerous employers pursuant to Collective Bargaining Agreements with Plastic Workers Union, Local 18 and LOCAL 30, locals of the International Union of Allied Novelty and Production Workers, and AFL-CIO, and therefore, is a multiemployer plan under 29 U.S.C. § 1002.

4. The WELFARE FUND is administered pursuant to the terms and provisions of the Agreement and Declaration of Trust (the "Trust Agreement"), which created it.

5. LOCAL 30 is an unincorporated voluntary association with its principal place of business located at 245 Fencl Lane, Hillside, Illinois, 60162. LOCAL 30 is a labor organization as defined under Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185).

6. LOCAL 30 is the bargaining representative of Defendant TRIMARK's bargaining-unit employees.

7. Defendant TRIMARK is an Illinois limited liability company with its principal place of business located in Bedford Park, Illinois.

## COUNT I
## BREACH OF CONTRACT

8. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-7 of this Complaint with the same force and effect as if fully set forth herein.

9. TRIMARK is an employer engaged in an industry affecting commerce.

10. On or about December 27, 2012, TRIMARK entered into a Labor Contract and Working Agreement ("2012 CBA") effective from October 15, 2012, through October 14, 2016, in

which TRIMARK recognized LOCAL 30 as the exclusive bargaining agent of its full-time employees. (A copy of the 2012 CBA is attached hereto as **Exhibit 1**).

11. TRIMARK subsequently entered into successive a Labor Contract and Working Agreement ("2016 CBA") effective from October 15, 2016, through October 14, 2019, in which TRIMARK again recognized LOCAL 30 as the exclusive bargaining agent of its full-time employees. (A copy of the 2016 CBA is attached hereto as **Exhibit 2**).

12. Through the 2012 and 2016 CBAs, TRIMARK became bound by the provisions of the WELFARE FUND's Trust Agreement.

13. Pursuant to provisions of the 2012 and 2016 CBAs, and Trust Agreement, TRIMARK was required to make monthly reports of hours worked by covered employees and remit contributions on behalf of their bargaining-unit and non-bargaining-unit employees to the WELFARE FUND.

14. Pursuant to the provisions of the 2012 and 2016 CBAs, Defendant TRIMARK was also required to make monthly reports of hours worked by covered bargaining-unit employees and deduct union dues and initiation fees from its covered employees' wages, which were to be paid to LOCAL 30.

15. The monthly reports, contributions, union dues and initiation fees required be paid as set forth in Paragraphs 13 and 14 above during all times relevant were due on or before the 10th day of the calendar month.

16. Pursuant to Section 502(g)(2) of ERISA and the Trust Agreement, employers who fail to remit their monthly contribution reports and contributions to the on a timely basis are responsible for the payment of liquidated damages to the WELFARE FUND equal to ten percent (10%) of the amount of unpaid contributions plus any reasonable attorney's fees

and costs of maintaining suit.

17. It is LOCAL 30's policy that employers who fail to remit payment of union dues and initiation fees to LOCAL 30 on a timely basis are responsible for the payment of liquidated damages equal to one and one-half percent (1.5%) of the amount of unpaid union dues and initiation fees for each month that the union dues and initiation fees remain outstanding.

18. A payroll compliance audit for the period of January 1, 2015, through December 31, 2017, revealed that TRIMARK owes the aggregate amount of $62,606.00 in unpaid contributions, union dues, and initiation fees to the WELFARE FUND and LOCAL 30. (A copy of the payroll compliance audit report is attached as **Exhibit 3**).

19. As a result of TRIMARK's failure to pay its contributions, union dues, and initiation fees in a timely manner for the period of January 1, 2015 through December 31, 2017, TRIMARK owes the WELFARE FUND and LOCAL 30 liquidated damages in the aggregate amount of $8,525.10.  (**Exhibit 3**).

20. TRIMARK is also responsible for the WELFARE FUND's portion of the audit fees, which total $4,670.40.  (**Exhibit 3**).

21. Defendant TRIMARK has a continuing obligation to pay contributions to the WELFARE FUND and to pay union dues deducted from its employees' wages to LOCAL 30.  As a result, Defendant TRIMARK may owe additional amounts to the WELFARE FUND and UNION in an unknown amount.

22. Plaintiffs have complied with all conditions precedent in bringing this suit.

23. Defendant TRIMARK is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against TRIMARK in the aggregate amount of $75,801.50 for its breach of the 2012 and 2016 CBAs, itemized as follows:

| Period: | Type: | Amount: |
|---|---|---|
| 1/1/15 to 12/31/17 | Welfare Contributions | $56,264.00 |
| 1/1/15 to 12/31/17 | Liquidated Damages – Welfare | $5,626.40 |
| 1/1/15 to 12/31/17 | Audit Fees – Welfare Fund | $4,670.40 |
| 1/1/15 to 12/31/17 | Union Dues | $3,942.00 |
| 1/1/15 to 12/31/17 | Liquidated Damages – Dues | $1,918.45 |
| 1/1/15 to 12/31/17 | Dues Initiation Fees | $2,400.00 |
| 1/1/15 to 12/31/17 | Liquidated Damages – Initiation | $980.25 |

B. That Judgment be entered in favor of Plaintiffs and against TRIMARK for any other contributions, union dues, initiation fees, liquidated damages, or audit fees that are found to be due and owing in addition to the amounts referenced in Paragraph A;

C. That TRIMARK be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the 2012 and 2016 CBAs, Trust Agreement, and 29 U.S.C. § 1132(g)(2)(D); and

D. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

    Respectfully submitted,

    **CENTRAL STATES JOINT BOARD**
    **HEALTH & WELFARE FUND** *et al.*

    By: /s/ William M. Blumthal, Jr. – 6281041
        One of Plaintiffs' Attorneys

William M. Blumthal, Jr.
**JOHNSON & KROL, LLC**
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5477
blumthal@johnsonkrol.com

January 22, 2020